GULOTTA, Judge.
We affirm the judgment of the district court upholding, on judicial review, the decision of the Louisiana Board of Review of the Department of Employment Security removing claimant Patsy Whiddon’s prior disqualification[1] for employment security benefits.
Review of the transcript of the record before the appeals referee leads to a conclusion that sufficient evidence exists to support the Board of Review’s factual findings[2] that the employer denied claimant’s request for permission to leave work during the approach of an impending hurricane in order to protect property she owned in Mississippi and return safely to New Orleans before the storm; that other employees had left previously for their personal safety; and that shortly after the claimant had left without permission, her place of employment was closed due to the approaching storm. (The employee left at approximately 1:30 p. m. The office closed at approximately 2:00 p. m.)
We conclude, as did the Board of Review and the trial judge, that the employee’s action did not constitute “misconduct”[3] under the exigent circumstances and she cannot be disqualified from receiving statutory unemployment benefits.[4] As stated in the opinion of the Board of Review
“. . . the claimant acted as any normal human being would when her property was at stake and she knew that it should be taken care of. Further, she asked permission and was denied. The only alternative she had was to leave without further permission.
“After having read all of the testimony and information in this instant case, the Board finds that other employees were allowed to leave without permission from the President. We find that the claimant’s reasons for leaving were real and not imaginary. We do not find the claimant guilty of misconduct within the meaning of the Act.”
We find no merit to the Association’s claim that if the employee had been permitted to leave, the office would have been unattended. The undisputed testimony is *244 that the Association’s business was “slow” on that day and other people in the office were available to handle customers in the claimant’s absence. The employer’s argument that its refusal to permit the claimant to leave early was not unreasonable because only the protection of her property and not her personal safety was involved is also without merit. It is undisputed also that claimant’s property is located in Bay St. Louis, Mississippi, and that she was concerned with traveling to Mississippi and returning to New Orleans before the approaching storm struck the Mississippi Gulf Coast and the New Orleans area. We are in agreement with the Board of Review’s finding that the claimant’s fears were “real and not imaginary”.
Accordingly, the judgment of the trial court maintaining the result reached by the Board of Review is affirmed.

AFFIRMED.

. An appeals referee had concluded that claimant should be denied benefits because she had been discharged from employment for misconduct connected with that employment. The decision of the appeals referee was reversed by the Board of Review.

. LSA-R.S. 23:1634, in pertinent part, provides: § 1634. Judicial review; procedure
“* * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * * * ”

. LSA-R.S. 23:1601, cited by the Board of Review, provides in pertinent part:
§ 1601. Disqualification for benefits
“An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment without good cause connected with his employment. * * *
(2) If the administrator finds that he has been discharged for misconduct connected with his employment. * * *”
The Board concluded that the claimant, in leaving, under the circumstances had neither quit her job nor committed misconduct in connection with that employment.

.By stipulation of counsel, the sole issue before us is whether the action of the employee is conduct such as to disqualify her from statutory unemployment benefits.